07-3507-ag
Qu v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

PRESENT:
        DENNIS JACOBS,
             *Chief Judge*.
        JON O. NEWMAN,
        PIERRE N. LEVAL,
             *Circuit Judges*.

_____

SHUANG SHI QU v. HOLDER,[1]          07-3507-ag
A028 776 789

_____

ZHEN LANG WENG v. HOLDER,          07-3941-ag
A072 766 089

_____

QI DUAN SUN v. HOLDER,            07-4169-ag
A070 897 908

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted when necessary.

08232010-1-23

YAN PING CHEN, YOU CHEN YANG v.                 07-4604-ag (L)
HOLDER,                                          07-4605-ag (Con)
A077 280 957
A073 169 009

_____

SHUIFANG ZHENG v. HOLDER,                        07-4699-ag
A077 550 257

_____

HUI LI, MEI XIAN LI v. HOLDER,                   07-4747-ag (L)
A072 836 724                                     07-4748-ag (Con)
A077 341 415

_____

SU ZHEN WENG v. HOLDER,                          07-4914-ag
A078 972 970

_____

CHUAN JIAN ZHANG v. HOLDER,                      07-4957-ag
A073 185 946

_____

QIAO YING CHEN,                                  07-5674-ag (L)
CHI-HSUN CHEN v. HOLDER,                          07-5676-ag (Con)
A077 323 004
A076 810 625

_____

ZHOU JIN NI v. HOLDER,                           07-5755-ag
A073 051 737

_____

GONG AN CHEN v. HOLDER,                          08-0346-ag
A075 842 254

_____

AL WHA LIN v. HOLDER,                            08-0663-ag
A075 895 504

_____

SHUN XING LIN v. HOLDER,                         08-1233-ag
A072 460 406

_____

08232010-1-23

RONG YAO YANG v. UNITED STATES                    08-1345-ag
DEPARTMENT OF JUSTICE,
A078 293 002

_____

TAI HUAN LI v. HOLDER,                            08-2264-ag
A073 134 641

_____

CUI PING LIN v. HOLDER,                           08-2539-ag
A079 408 096

_____

MEI YING KE, TIAN HUA LIN                    08-2997-ag (L)
v. HOLDER,                                   08-3002-ag (Con)
A095 433 710
A073 166 452

_____

SHIN LOK CHENG v. HOLDER,                         08-4125-ag
A073 148 210

_____

YING LIN v. HOLDER,                               08-5166-ag
A073 645 603

_____

YAN TANG v. HOLDER,                               08-5169-ag
A075 962 124

_____

LIQUN CHEN v. HOLDER,                             09-0608-ag
A077 957 589

_____

BING ZHENG v. HOLDER,                             09-0817-ag
A072 416 443

_____
_____

XIU QIN CAO v. HOLDER,                            09-1207-ag
A075 980 794

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of an immigration judge ("IJ") or the BIA denying a motion to reopen based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the applicable time and numerical limits or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-72 (2d Cir. 2008), we conclude there was no error in the BIA's decisions. Although the petitioners in *Jian Hui Shao* were from Fujian Province, as are most of the petitioners here, two petitioners are from

Zhejiang Province.[2] Regardless, as with the evidence discussed in *Jian Hui Shao*, the evidence they have submitted related to Zhejiang Province either does not discuss forced sterilizations or references isolated incidents of persecution of individuals who are not similarly situated to the petitioners. *See id.* at 160-61, 171-72.

To the extent that seven of the petitioners[3] argue that they were eligible to file successive asylum applications based solely on their changed personal circumstances, their arguments are foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008).

We decline any request by petitioners[4] to consider evidence that was not included in the administrative record and we will not remand for the agency to consider such

---

[2]The petitioners in *Shuang Shi Qu v. Holder*, No. 07-3507-ag; and *Su Zhen Weng v. Holder*, No. 07-4914-ag.

[3]The petitioners in *Shuang Shi Qu v. Holder*, No. 07-3507-ag; *Qi Duan Sun v. Holder*, No. 07-4169-ag; *Hui Li, Mei Xian Li v. Holder*, Nos. 07-4747-ag (L), 07-4748-ag (Con); *Qiao Ying Chen, Chi-Hsun Chen v. Holder*, Nos. 07-5674-ag (L), 07-5676-ag (Con); *Tai Huan Li v. Holder*, No. 08-2264-ag; *Ying Lin v. Holder*, No. 08-5166-ag; and *Yan Tang v. Holder*, No. 08-5169-ag. The petitioner in *Zhou Jin Ni v. Holder*, No. 07-5755-ag also argues that he was eligible to file a successive asylum application; however, we decline to consider that argument because it was not exhausted before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

[4]The petitioners in *Cui Ping Lin v. Holder*, No. 08-2539-ag, and *Liqun Chen v. Holder*, No. 09-0608-ag.

evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007). To the extent that the BIA declined to credit petitioners'[5] unauthenticated evidence in light of an underlying adverse credibility determination, the BIA did not abuse its discretion. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

Two of the petitioners argue that the BIA applied an incorrect burden of proof by requiring them to establish more than their *prima facie* eligibility for relief. However, in one of those cases,[6] the BIA explicitly considered the petitioner's *prima facie* eligibility for relief and, in the other case,[7] the BIA reasonably found that the petitioner failed to demonstrate changed country conditions excusing the untimely filing of her motion to reopen. *See* 8 C.F.R. § 1003.2(c); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

Some of the petitioners[8] argue that the BIA erred by failing to reopen their proceedings to permit them to adjust

---

[5]The petitioners in *Gong An Chen v. Holder*, No. 08-0346-ag; *Rong Yao Yang v. U.S. Dep't of Justice*, No. 08-1345-ag; and *Xiu Qin Cao v. Holder*, No. 09-1207-ag.

[6]The petitioner in *Tai Huan Li v. Holder*, No. 08-2264-ag.

[7]The petitioner in *Liqun Chen v. Holder*, No. 09-0608-ag.

[8]The petitioners in *Qi Duan Sun v. Holder*, No. 07-4169-ag; *Al Wha Lin v. Holder*, No. 08-0663-ag; *Cui Ping Lin v. Holder*, No. 08-2539-ag; and *Yan Tang v. Holder*, No. 08-5169-ag.

status; however, we lack jurisdiction to review such determinations. Because petitioners' motions were unquestionably untimely, and eligibility to adjust status is not a statutory basis for excusing the untimely filing of a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), those petitioners were necessarily invoking the BIA's authority to reopen proceedings *sua sponte*, *see* 8 C.F.R. § 1003.2(a). The BIA's determination as to whether it will exercise that authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk